akerman

Kathleen M. Prystowsky

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

T: 212 880 3800
F: 212 880 8965

November 13, 2026

**VIA ECF and HAND DELIVERY**

Honorable Denise L. Cote
United States District Court
Southern District of New York
50 Pearl Street
New York, NY 10007

The defendant shall file a response to the plaintiffs' motion by November 16 at 10 a.m.

Denise Cote
11/15/26

Re: *Club Quarters Mgmt. Co., L.L.C., et al. v. CQ DC Acquisition LLC*, Case No. 26-cv-9393-DLC

Dear Judge Cote:

We represent Plaintiffs in the above-referenced action and write respectfully to advise the Court that Defendant's opposition to Plaintiffs' motion for a preliminary injunction relies on contested factual testimony from a new declarant, Nathalie Abinader, notwithstanding Defendant's representation at the November 6th conference that no facts concerning irreparable harm would be in dispute and that no witnesses would be needed. Plaintiffs intend to move to strike the Abinader Declaration. In the alternative, Plaintiffs respectfully request that the Court direct Ms. Abinader to appear for cross-examination, and permit limited expedited discovery as to the basis of Ms. Abinader's knowledge.

At the November 6th conference, the Court asked whether "there are any facts in dispute that require the presentation of testimony or evidence at the hearing." (Dkt. 24, Tr. 10:6-9.) Plaintiffs identified Mr. Nichols as their only fact witness on irreparable harm. (*Id.*, Tr. 10:25-11:10.) Defendant's counsel responded: "With respect to irreparable harm, I don't want to speak with certainty, but I do not believe that there will be facts in dispute." (*Id.*, Tr. 11:19-21.) He further stated that he did not expect to call a witness and characterized the issue as "a legal issue for the Court to determine." (*Id.*, Tr. 12:2-3.) Based upon the "understanding that the parties will be resting on the record," and that "[n]o witnesses need be present," the Court set the briefing schedule and oral argument. (*Id.*, Tr. 12:4-8.)

Defendant did not follow that representation. On November 11th, at 11:30 p.m., Defendant submitted a declaration from Ms. Abinader, a JLL asset manager, who claims her statements are based on personal knowledge, "understanding," and review of JLL's property file, and asserts that Club Quarters has "made a deliberate decision to abandon" the Club Quarters system. (Dkt. 28-2,

¶¶ 1, 3, 7). She further asserts that recent developments "evidence the declining value of the Club Quarters 'brand,' which can no longer drive reservations to the Hotel." (*Id.* ¶¶ 18-19.) Those assertions directly attack the credibility of, and the facts underlying, the declaration of John Paul Nichols on which Plaintiffs rely. (*See* Dkt. 7.) Ms. Abinader, who works for JLL, is not an employee of Defendant or Club Quarters, plainly lacks personal knowledge of Club Quarters' internal business strategy, and her declaration does not explain how she could have acquired it.

Plaintiffs' motion to strike rests on the Court's inherent authority to manage its docket and on Fed. R. Evid. 602. Should the Court consider the Abinader Declaration, however, where "essential facts are in dispute, there must be a hearing…and appropriate findings of fact must be made." *Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir. 1987). Should Ms. Abinader's declaration be considered, the hearing can no longer proceed without any witnesses. Plaintiffs intend to cross-examine Ms. Abinader, and meaningful cross-examination requires limited expedited discovery, including the production of documents showing the basis for Ms. Abinader's assertions, including what she describes as "JLL's file for this property." (Dkt. 28-2, ¶ 3).

Accordingly, Plaintiffs respectfully request the Court either grant Plaintiffs' motion to strake the Abinader Declaration or, alternatively, order Ms. Abinader to appear at the preliminary injunction hearing on November 18th for cross-examination and order Defendant to produce documents showing the basis for Ms. Abinader's assertions. To the extent Defendant now seeks to cross-examine Plaintiffs' witness, John Paul Nichols, on either his moving declaration or the reply declaration, Plaintiffs have been informed that Mr. Nichols is traveling internationally next week and will be back in the United States on November 21st.

We thank the Court for its consideration and are available at the Court's convenience.

Respectfully submitted,

AKERMAN LLP

/s/ *Kathleen M. Prystowsky*

Kathleen M. Prystowsky
Keith Blackman
Joshua D. Bernstein
1251 Avenue of the Americas, 37th Floor
New York, New York 10020

cc: Counsel of record (via ECF)